IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO EULIEN AGUILERA, TDCJ #2058935, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-2259 |
| LORIE DAVIS, Director Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Mario Eulien Aguilera, also known as Mario Euliser Aguilera (TDCJ #2058935) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Petition")(Docket Entry No. 1), challenging a state court conviction that was entered against him in 2016. Acknowledging that he has not yet exhausted state court remedies, Aguilera has also filed a Motion to Stay and Abate [his] Title 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Motion to Stay")(Docket Entry No. 2). After considering all of the pleadings and the applicable law, the court will deny the Motion to Stay and dismiss this case without prejudice for the reasons explained below.

**I. Procedural History**

On April 7, 2016, Aguilera was convicted of aggravated robbery

and sentenced to life imprisonment by the 337th District Court of Harris County, Texas, in cause number 1476026.[1] Aguilera filed a direct appeal, which remains pending in state court. See Aguilera v. State, No. 14-16-00303-CR (Tex. App. — Houston [14th Dist]). Court records from that proceeding reflect that Aguilera's appointed counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967) (an "Anders brief"), certifying that there are no non-frivolous issues to raise.[2] On November 1, 2016, the court of appeals granted Aguilera's request for leave to review the record and file a pro se brief, which he has done.[3] There has been no decision yet in that appeal.[4]

On July 24, 2017, the court received Aguilera's Petition for habeas corpus relief under 28 U.S.C. § 2254, which was executed by Aguilera on July 20, 2017.[5] The Petition raises one claim for "ineffective assistance of trial counsel" and one claim for "ineffective assistance of appellate counsel."[6] Aguilera provides

---

[1] Petition, Docket Entry No. 1, p. 2.

[2] See Texas Judicial Branch, Fourteenth Court of Appeals, located at http://www.search.txcourts.gov (last visited August 10, 2017).

[3] See id.

[4] See id.

[5] Petition, Docket Entry No. 1, p. 10.

[6] Id. at 6.

no facts in support of either claim.[7]

## II. Discussion

Under the governing federal habeas corpus statutes "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). Exceptions exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas a criminal defendant may challenge a conviction in two ways: (1)

---

[7]See id.

the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See TEX. CODE CRIM. PROC. art. 11.07 § 3(c); see also Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

It is evident that Aguilera's direct appeal remains pending before an intermediate state appellate court and that the Texas Court of Criminal Appeals has not yet had any opportunity to address the issues raised in the pending petition. Because the avenues of direct appeal and state habeas review remain available, Aguilera does not satisfy any statutory exception to the exhaustion doctrine.

Aguilera concedes that he has not yet exhausted available remedies and he asks the court to stay this case while he does so. Requests to stay a federal habeas proceeding are governed by the criteria found in Rhines v. Weber, 125 S. Ct. 1528 (2005). In that case, the Supreme Court held that district courts may stay a "mixed" petition, containing both exhausted and unexhausted claims, only in "limited circumstances." Id. at 1534. At a minimum, a

petitioner must show good cause for his failure to exhaust. <u>Id.</u>

The petition filed in this case is not mixed; it is wholly unexhausted. Moreover, Aguilera does not demonstrate the requisite good cause for his failure to exhaust state court remedies under the criteria found in <u>Rhines</u> or show that a stay is warranted under the circumstances of this case. The one-year statute of limitations on federal habeas review has not commenced to run because Aguilera's conviction is not yet "final" and his time to pursue direct review has not yet expired. <u>See</u> 28 U.S.C. § 2244(d)(1)(A). Provided that he acts with due diligence, Aguilera should have ample time under the governing statute of limitations in which to seek habeas relief in federal court in the event of an unfavorable ruling on his pending state court appeal and any prospective state court habeas corpus application, which would further toll the statute of limitations for as long as it is pending. 28 U.S.C. § 2244(d)(2). Accordingly, the court will deny Aguilera's request for a stay and dismiss this action without prejudice for lack of exhaustion.

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to

demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2. The petitioner's motion to stay this case in abeyance (Docket Entry No. 2) is **DENIED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 14th day of August 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE